IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Feb 26 2019
U.S. DISTRICT COURT
Northern District of WV

JOHN S. KOVACH,           :
                          :
         Plaintiff,       :
vs.                       :  CASE NO. 5:19-CV-20 (Stamp)
                          :
WARREN DISTRIBUTION, INC.,:  JURY TRIAL DEMANDED
                          :
         Defendant.       :

## COMPLAINT

Plaintiff, John S. Kovach, by and through counsel, alleges as follows:

### I.   INTRODUCTION

1.   Plaintiff initiates this action to redress violations by Warren Distribution, Inc. (hereinafter referred to as "Warren") of the Family and Medical Leave Act ("FMLA" - 29 U.S.C. § 2601 *et. seq.*) and the West Virginia Human Rights Act ("WVHRA" - W.Va. Code, § 5-11-9(7)(A)). Plaintiff was unlawfully terminated by Defendant and suffered damages more fully described/sought herein.

### II.   JURISDICTION AND VENUE

2.   This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shot Co. v. State of Washington*, 326 U.S. 310 (1945) and its progeny.

3.   This action is initiated pursuant to a federal law. The United States District Court for the Northern District of West Virginia has original subject matter jurisdiction over this action

pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

4. Additionally, there is federal diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

5. Venue is properly laid in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), because Defendant conducts business in this judicial district and because the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. PARTIES

6. John S. Kovach was born October 16, 1972, and resides at 1413 Hukill Street, Brillant, Ohio 43913.

7. Defendant Warren Distribution, Inc. is a Nebraska corporation doing business in the state of West Virginia at 601 Baltimore Avenue, Glen Dale, WV 26038. Its notice of process address listed with the West Virginia Secretary of State is Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.

### IV. FACTUAL BACKGROUND

8. John Kovach was hired by Warren on or about October 5, 2009, and was employed for approximately seven years and four months until the time of his termination on March 1, 2017, from his employment as a senior maintenance technician.

9. John Kovach slipped and fell at work in June 2016, and was sent to Corporate Health at Wheeling Hospital where Dr. Milton found that he needed a total knee replacement and that it was a non-occupational injury.

10. John Kovach was put on sedentary duty in August 2016, until he had an appointment with Dante Marra, M.D. in September 2016.

11. John Kovach went out on FMLA leave in September 2016, and had his knee surgery on October 4, 2016.

12. John Kovach returned to work on January 3, 2017, with restrictions of light duty for six weeks. Thereafter, for about two weeks, he had no work restrictions.

13. On February 27, 2017, John Kovach suffered a severe break in one of his teeth that sometimes made him nauseous, light headed and dizzy.

14. During his February 27, 2017, 7:00 p.m. to 7:00 a.m. shift, John Kovach became nauseous, light headed and dizzy and went to the Tech office at Warren, sat down in a chair and put his head back due to his illness.

15. On February 27, 2017, while John Kovach was sitting in the chair in the Tech office with his head back and eyes open, Michelle Prettyman came into the Tech office, stomped her foot and said, "I caught you sleeping on the job."

16. John Kovach replied with words to the effect of, "No, I was not sleeping. I just cracked a tooth and I'm not feeling well. I was feeling light headed and nauseous so I came and sat down."

17. After his shift from February 28, 2017 at 7pm to March 1, 2017 at 7am, John Kovach's supervisor, Ken Williams, told him that they needed to talk in the conference room. Mr. Williams told John Kovach that Michelle Prettyman had told him that she caught John Kovach sleeping in the Tech office on February 27, 2017.

18. John Kovach tried to explain about his tooth, but Mr. Williams indicated that he did

3

not have time to hear what John Kovach had to say and that the decision was final.

19. Mr. Williams handed John Kovach an Associate Involuntary Termination Report which John Kovach and Mr. Williams signed.

20. The Associate Involuntary Termination Report has an area that states, "Describe the reason for termination in a factual manner." In response to that, the report states:

> John was found by the night shift packaging supervisor to be sleeping at the Tech office desk while on the clock.

21. After John Kovach fell at work in June 2016, he felt like everything he did was being watched by Warren management.

22. Another Warren co-worker, Doug Anthony, who had only been with the company about a year and a half was written up two times for sleeping on the job and the third time he was suspended.

23. After John Kovach was fired Doug Anthony got a raise and became a senior technician.

24. At the time of John Kovach's termination, John Kovach was 45 years of age and Doug Anthony was in this early 20s.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT - RETALIATION

25. The foregoing paragraphs are incorporated herein as if set forth fully here

26. John Kovach was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(A).

27. John Kovach requested leave from Warren, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(A)(I).

4

28. John Kovach had at least 1,250 hours of service with Warren during his last full year of employment pursuant to the requirements of 29 U.S.C.A. § 2611(2)(A)(ii)

29. Warren is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year and is an "employer" as defined in the Family and Medical Leave Act, 29 U.S.C.A. § 2611(4)(A)(I).

30. John Kovach was entitled to receive leave pursuant to 29 U.S.C.A. § 2612(a)(1)(D) for a total of twelve (12) work weeks of leave because of a serious health condition that made him unable to perform the functions of the position of his job.

31. Warren committed a retaliation violation of the FMLA by terminating John Kovach in violation of the Family and Medical Leave Act, 29 U.S.C.A. § 2615(a) its regulation 29 CFR §825.220(c).

## COUNT II
## VIOLATION OF WEST VIRGINIA HUMAN RIGHTS ACT - RETALIATION

32. The foregoing paragraphs are incorporated herein as if set forth fully here.

33. Warren's actions terminating John Kovach's employment constitutes unlawful willful, wanton, reckless or malicious disability discrimination/retaliation as a reprisal for him taking leave for his knee surgery as a reprisal the purpose of which was to cause him economic loss in violation of the West Virginia Human Rights Act, W.Va. Code, § 5-11-9(7)(A).

## COUNT III
## VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT - AGE DISCRIMINATION

34. The foregoing paragraphs are incorporated herein as if set forth fully here.

35. John Kovach was over 40 years old at the time of his termination.

36. John Kovach, who was accused of sleeping on the job one time, was treated differently than Doug Anthony, who was caught sleeping three (3) times and not fired, which is an unlawful willful, wanton, reckless or malicious discriminatory practice based upon age in violation of the West Virginia Human Rights Act, W.Va. Code, § 5-11-9(1) as Doug Anthony was substantially under 40 years of age.

37. Warren's non-discriminatory reason for terminating John Kovach's employment (sleeping on the job) is pretextual and a subterfuge as it did not terminate Doug Anthony's employment and is unlawful willful, wanton, reckless or malicious discriminatory differential treatment.

**COUNT IV**
**VIOLATION OF WEST VIRGINIA HUMAN RIGHTS ACT - SEXUAL**

38. The foregoing paragraphs are incorporated herein as if set forth fully here.

39. Warren violated the West Virginia Human Rights Act on the basis of sex in W.Va. Code, § 5-11-9(1) by believing and taking action on Michelle Prettyman's report that John Kovach was sleeping on the job and refusing to let him explain that he was not sleeping, but sick, or believing Michelle Prettyman without any evidence to disbelieve John Kovach which is differential treatment in unlawful willful, wanton, reckless or malicious violation of the West Virginia Human Rights Act.

**V.   DAMAGES**

40. The foregoing paragraphs are incorporated herein as if set forth fully here.

41. As a result of Warren's actions, John Kovach is entitled to compensatory damages,

including but not limited to, past lost earnings, future lost earnings, bonuses, medical and other benefits.

42. Plaintiff should be awarded liquidated and punitive damages as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, wanton, reckless, malicious or outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future.

43. Plaintiff should be awarded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress, and damages under West Virginia Human Rights Act.

44. Plaintiff should be awarded the cost and expenses of this action and reasonable attorney fees, costs, litigation expenses, pre-judgment and post judgment interest as provided by applicable federal and state law.

45. Plaintiff demands a trial by jury as set forth in the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

/s/ Ronald Wm. Kasserman
Counsel for Plaintiff

Ronald Wm Kasserman (WVSB #1958)
Kasserman Law Offices, PLLC
94 - 14th Street
Wheeling, WV 26003
Telephone: (304) 218-2100
Fax: (304) 218-2102
ron@kassermanlaw.com