IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN S. KOVACH,

     Plaintiff,

v.                                                Civil Action No. 5:19CV20
                                                                                                (STAMP)
WARREN DISTRIBUTION, INC.,

     Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT WARREN DISTRIBUTION, INC.'S
UNOPPOSED MOTION TO PARTIALLY DISMISS PLAINTIFF'S
COMPLAINT AND DISMISSING COUNT IV OF THE COMPLAINT**

I.   Background

This civil action involves the alleged unlawful termination of employment of plaintiff John S. Kovach ("Kovach"). ECF No. 1. In his complaint, plaintiff Kovach alleges that he was hired by defendant Warren Distribution, Inc. ("Warren") and was employed as a senior maintenance technician. Id. at 2. Plaintiff Kovach states that he slipped and fell at work and was sent to Wheeling Hospital where a doctor found that he needed a total knee replacement and that it was a non-occupational injury. Id. Plaintiff Kovach stated that he was then put on sedentary duty, until he had an appointment with another doctor. Id. at 3. Plaintiff Kovach alleges that he then went out on leave under the Family and Medical Leave Act ("FMLA") and underwent knee surgery. Id. After his surgery, plaintiff Kovach states that he then returned to work, with restriction of light duty for six weeks, and that "[t]hereafter, for about two weeks, he had no restrictions."

Id. Plaintiff Kovach further alleges that he suffered a severe break in one of his teeth that sometimes made him nauseous, light headed, and dizzy. Id. During one of his shifts, plaintiff states that he became nauseous, light headed, and dizzy, went to defendant Warren's technological office, sat in a chair and put his head back due to his illness. Id. During that time, plaintiff asserts that Michelle Prettyman ("Ms. Prettyman") came into the technological office, stomped her foot, and stated that she caught him sleeping on the job, and that he then explained to Ms. Prettyman that he was not feeling well due to his illness. Id. After this shift, plaintiff states that his supervisor, Ken Williams ("Mr. Williams"), told plaintiff Kovach that Ms. Prettyman caught him sleeping during his shift and handed him an Associate Involuntary Termination Report which he and Mr. Williams signed. Id. at 3-4. In his complaint, plaintiff Kovach references the Associate Involuntary Termination Report and states that the report indicates that he was terminated because he was found sleeping during his shift. Id. at 4. Plaintiff Kovach states that another co-worker, Doug Anthony ("Mr. Anthony"), was written up two times for sleeping on the job and on the third time he was suspended. Id. Plaintiff Kovach alleges that after his termination, Mr. Anthony got a raise and became a senior technician, indicating that at the time of his termination, plaintiff Kovach was 45 years of age and Mr. Anthony was in his early 20s. Id. Plaintiff Kovach alleges four counts in his complaint: (1) violation of the FMLA based on retaliation

(Count I); (2) violation of the West Virginia Human Rights Act ("WVHRA") based on retaliation (Counts II); (3) violation of the WVHRA on the basis of age (Count III); and (4) violation of the WVHRA on the basis of sex (Count IV). Plaintiff Kovach seeks compensatory, liquidated, and punitive damages, and any and all other equitable and legal relief the Court deems proper and appropriate, including but not limited to, emotional distress, and damages under the WVHRA. Id. at 6-7. Moreover, plaintiff Kovach seeks the cost and expenses of this action and reasonable attorney fees, costs, litigation expenses, pre-judgment and post-judgment interest as provided by applicable federal and state law. Id. at 7.

Defendant Warren then filed a motion to partially dismiss plaintiff's complaint. ECF No. 5. In the memorandum attached to the motion, defendant Warren states that "there is nothing discriminatory in Warren's reliance on the eyewitness observations of [p]laintiff sleeping on the job made by supervisory employee Ms. Prettyman, and the [c]omplaint is totally devoid of any averments that Warren somehow treated [p]laintiff less favorably than any similarly situated female employees who may have observed by supervisory personnel to be sleeping on the job." ECF No. 5-1 at 4. Defendant further states that "[p]laintiff identifies no similarly situated comparators who were not members of his protected class who Warren treated more favorably than he, nor does his [c]omplaint include any factual averments that could support a

3

finding that Warren harbored animus against him because of his sex." Id. at 5. Therefore, defendant Warren asserts that plaintiff's claim for unlawful employment discrimination on the basis of sex should be dismissed as a matter of law. Id.

This Court notes that no response in opposition to the motion was filed by plaintiff Kovach. Thus, defendant Warren's motion to dismiss (ECF No. 5) is deemed unopposed. Nevertheless, this Court considers the motion on its merits. Custer v. Pan Am Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993).

## II. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller,

4

Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

### III. Discussion

Plaintiff Kovach claims that defendant Warren discriminated against him on the basis of his sex. He sues under the provisions

5

of the West Virginia Human Rights Act, W. Va. Code, § 5-11-9(1). ECF No. 1 at 6.

Defendant Warren correctly points out that "[t]o make out a prima facie case for unlawful discrimination on the basis of sex under the WVHRA, a plaintiff 'must make an initial showing of: 1) membership in a protected class; 2) adverse employment action; and that 3) but for membership in a protected class, [he] would not have suffered [the] adverse employment action.'" ECF No. 5-1 at 3 (citing Cooper v. Norfolk and Western Railway Co., 870 F. Supp. 1410, 1417-18 (S.D. W. Va. 1994). Under this standard, plaintiff Kovach fails to meet the requisite pleading standard to survive a motion to dismiss.[1]

Plaintiff Kovach fails to raise an inference that he was treated less favorably than others outside of his sex. He does not compare himself to other workers or provide sufficient evidence to "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In short, plaintiff Kovach has failed "to allege enough facts to state a claim to relief that is plausible on its face." Giarratano, 521 F.3d at 302 (internal quotation marks omitted).

---

[1]This Court notes that plaintiffs are not required to plead facts that constitute a prima facie case to survive a motion to dismiss. See Miller v. Carolinas Healthcare System, 561 F. App'x 239, 241 (4th Cir. 2014); however, the Fourth Circuit "has recognized that Swierkiewicz [v. Sorema N.A., 534 U.S. 506, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002)] 'left untouched the burden of a plaintiff to allege facts sufficient to state all the elements of [a] claim.'" Miller, 561 F. App'x at 241 (quoting Jordan v. Alternative Res. Corp., 458 F.3d 332, 346 (4th Cir. 2006)).

Moreover, as the Court previously noted, plaintiff Kovach has failed to respond to defendant Warren's motion to partially dismiss plaintiff's complaint and has not otherwise provided more facts to support Count IV of his complaint.

VI. <u>Conclusion</u>

Upon consideration of defendant Warren Distribution, Inc.'s unopposed motion to partially dismiss plaintiff's complaint (ECF No. 5), this Court finds that it is appropriate to grant the motion to dismiss plaintiff John S. Kovach's claim for unlawful employment discrimination on the basis of sex (Count IV) of his complaint against defendant Warren. Accordingly, defendant Warren's unopposed motion to partially dismiss plaintiff's complaint (ECF No. 5) is hereby GRANTED, and Count IV of the complaint is dismissed.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this order to counsel of record herein.

DATED: July 16, 2019

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE